IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BROCK T. DAVIS, | § | |
| | § | |
| Defendant Below, | § | No. 409, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1709008546 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 27, 2018
Decided: January 3, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

# **O R D E R**

After consideration of the no-merit brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)    In December 2017, the appellant, Brock Davis, was indicted on charges of Assault Second Degree and Strangulation in connection with a domestic altercation that occurred in September 2017.  On July 11, 2018, Davis pleaded guilty to the assault charge.  In exchange for Davis's guilty plea, the State entered a *nolle prossequi* on the strangulation charge.

(2)    The Superior Court sentenced Davis to eight years Level 5 incarceration, suspended for one year at Level 3 probation, consistent with the

sentencing recommendation made in connection with the guilty plea. This is Davis's direct appeal.

(3) Davis's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Davis's counsel asserts that, based upon a complete and careful review of the record, there are no arguably appealable issues. In his statement filed under Rule 26(c), counsel indicates that he informed Davis of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Davis of his right to supplement counsel's presentation. Davis responded with points he wanted to present for the Court's consideration, which counsel included in the Rule 26(c) brief. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(4) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[1] This Court must also conduct its own review of the record and determine "whether the

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S.738, 744 (1967).

2

appeal is indeed so frivolous that it may be decided without an adversary presentation."[2]

(5)     Davis argues that his due process rights were violated. Specifically, he asserts that the victim testified falsely at a Protection from Abuse ("PFA") hearing in Family Court on June 29, 2018, at which Davis also testified, after which the Family Court granted the victim a lifetime PFA order. Davis argues that the circumstances of the PFA hearing placed him under duress on the date of his guilty plea on July 11, 2018. Davis further contends that he was not mentally healthy enough to enter a guilty plea.

(6)     To the extent that Davis is arguing that the victim's purportedly false testimony at the PFA hearing supports the conclusion that there was insufficient evidence to convict him of Assault Second Degree, his argument does not set forth an arguably appealable issue. During the plea colloquy in this matter, Davis acknowledged to the Superior Court judge that he understood that, by pleading guilty, he was giving up his right to a trial, including the rights "to be presumed innocent until the State can prove each and every part of the charges against you," "to a speedy and public jury trial," to "hear and question the witnesses against you," to "present evidence in your own defense," and to "testify or not testify at that trial,

---

[2] *Penson*, 488 U.S. at 81.

3

as you see fit." Davis waived his constitutional right to a trial and thus the opportunity to challenge the victim's testimony.[3]

(7) Davis's argument that he was not "mentally healthy" enough to plead guilty also does not present an arguably appealable issue. The test for determining a defendant's competence to plead guilty is "whether the defendant had a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him."[4] There is nothing in the record of this case to suggest that Davis was unable to consult with his counsel with a reasonable degree of rational understanding or was unable to understand the proceedings against him. To the contrary, the transcript of the guilty plea hearing indicates that Davis engaged in meaningful communications with his counsel and understood the guilty plea proceedings in which he actively participated. The fact that Davis spent a short period in a mental hospital in May 2018 does not constitute clear and convincing evidence that Davis

---

[3] *See Smith v. State*, 1996 WL 21050 (Del. Jan. 5, 1996) ("By pleading guilty, Smith waived his constitutional right to a trial and thus the opportunity to present evidence in his own behalf. Furthermore, in the absence of clear and convincing evidence to the contrary, Smith is bound by his signed statement on the guilty plea form. Smith indicated on the guilty plea form and during the plea colloquy that he knew he was waiving his constitutional right to present evidence in his behalf." (citations omitted)).

[4] *Ellingsworth v. State*, 2002 WL 31477130 (Del. Nov. 4, 2002).

had a mental health issue that rendered his guilty plea unknowing or involuntary.[5] Davis's counsel informed the Superior Court in the truth-in-sentencing form and on the record during the guilty plea hearing that Davis had spent time in a mental hospital because of a "mental breakdown leading into the original trial date of this case."[6] But counsel stated that he had spoken with Davis for more than an hour on the day before the guilty plea hearing, and that counsel believed Davis understood the roles of his counsel, the prosecutor, and the Court in the matter and was competent to proceed.

(8) To the extent Davis's argument that he pleaded guilty under duress differs from the arguments the Court has addressed above, the Court concludes that it also fails to present an arguably appealable issue. In his truth-in-sentencing form and during the plea colloquy, Davis represented to the Superior Court that he freely and voluntarily decided to plead guilty and that no one had threatened or forced him

---

[5] *See Miller v. State*, 2014 WL 7010949 (Del. Dec. 9, 2014) ("Absent clear and convincing evidence to the contrary, Miller is bound by his representations to the judge during the guilty plea colloquy. There is no clear and convincing evidence that Miller's mental health rendered his guilty plea unknowing or involuntary. A knowing and voluntary guilty plea waives any defenses Miller might have had." (citation omitted)).

[6] It also appears from the transcript of the sentencing hearing, which immediately followed the Court's acceptance of Davis's guilty plea, that a psycho-forensic report indicated that Davis suffered from depression and anxiety and that Davis had failed to show up for a previously scheduled guilty plea hearing because of his forty-eight-hour admission to a psychiatric hospital as a result of an "emotional and mental breakdown."

to plead guilty. The Superior Court's finding that Davis's guilty plea was knowing, voluntary, and intelligent was clearly supported by competent evidence.[7]

(9) The Court has reviewed the record carefully and concluded that Davis's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Davis could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[7] *Boughner v. State*, 1995 WL 466465 (Del. Aug. 2, 1995).

6